IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| WYNONA NUNN, § | |
| § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO: 1:16-cv-250 |
| vs. § | |
| § | |
| ROSY HEALTH CARE SERVICES, INC. and § | |
| SUNDAY UZUH § | |
| § | |
| Defendants. § | |

# COMPLAINT
*[Jury Trial Demanded]*

Plaintiff Wynona Nunn for her Complaint against Rosy Health Care Services, Inc. and Sunday Uzuh states and alleges as follows:

### SUMMARY

1. Rosy Health Care Services, Inc. (hereinafter "Rosy") and Sunday Uzuh (hereinafter "Uzuh") (collectively "Defendants") required and/or permitted Wynona Nunn (hereinafter "Plaintiff") to work in excess of forty hours per week but refused to compensate her properly for such hours.

2. Defendants' conduct is in violation of the Fair Labor Standards Act (FLSA), which requires employers to compensate non-exempt employees for their overtime work. See, 29 U.S.C. § 207(a).

3. Plaintiff is a FLSA non-exempt worker who has been denied overtime pay required by law, for which she now seeks recovery.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 201, Et. Seq. and 28 U.S.C. § 1331.

5. Venue is proper in the Western District of Texas because Defendants engage in business here.

## THE PARTIES

6. Defendant Rosy Health Care Services, Inc. is a domestic for-profit corporation with its principle place of business in Austin, Texas. Service of process may be had on Defendant through its registered agent: Sunday Uzuh at 3724 Airport Blvd., Austin, Texas, 78722 or wherever he may be found.

7. Defendant Sunday Uzuh is a resident of the Western District of Texas. Service of process may be had on Defendant at 3724 Airport Blvd., Austin, Texas, 78722 or wherever he may be found.

## COVERAGE

8. Defendant Rosy is an enterprise that engages in commerce or in the production of goods for commerce.

9. Defendant Uzuh was the managing agent of Defendant Rosy Health Care Services, Inc.; said Defendant acted and acts directly in the interests of the Defendant Rosy Health Care Services, Inc. Defendant Uzuh effectively dominated Rosy Health Care Services, Inc. administratively, or otherwise acts, or has the power to act, on behalf of the corporation vis-à-vis its employees and had the authority to direct and control the work of others. Therefore, Defendant Sunday Uzuh was an "employer" of the Plaintiff within the meaning of 29 U.S.C. §203(d).

10. Defendants acted, either directly or indirectly, in the interest of an employer with respect to Plaintiff.

11. Accordingly, Defendants are both a covered "enterprise" and an "employer" under the FLSA.

12. Defendants have had, and continue to have, an annual gross income of sales made or business done of not less than $500,000.

13. In furtherance of Defendants' business, Defendants' employees handled, sold or otherwise utilized goods and materials and handled equipment that had been moved in or produced for such commerce.

### FACTUAL ALLEGATIONS

14. Defendants provide home healthcare services, including but not limited to, nursing care, ventilator care, rehabilitation, occupational and speech therapy, pediatric care, catheter care, and cardiac pulmonary care.

15. Plaintiff began working for Defendants in October of 2014 as an hourly paid home health aide.

16. Plaintiff is still currently employed by Defendants.

17. Plaintiff approximates that she works on average 43 hours per week for Defendants.

18. Defendants compensated Plaintiff $8.00 per hour for every hour worked.

19. Plaintiff did not receive overtime compensation for hours exceeding forty in a workweek.

20. From January 1, 2015 to the present Plaintiff worked overtime but was only paid at straight time for all hours worked in violation of the FLSA.

21. Defendant improperly classified Plaintiff as exempt for FLSA purposes.

### CAUSES OF ACTION
#### COUNT I
#### VIOLATION OF FAIR LABOR STANDARDS ACT ("FLSA")

22. Plaintiff incorporates all allegations contained in the preceding paragraphs.

23. At all relevant times Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, et seq.

24. Defendants' failure to pay overtime compensation to Plaintiff violates the FLSA.

25. Plaintiff is not exempt from the right to receive the appropriate minimum wage and overtime pay under the FLSA.

26. As a result of Defendant's failure to compensate its employees, including Plaintiff, Defendant has violated—and continues to violate—the FLSA, 29 U.S.C. §§ 206(a)(1)(C) and 207(a)(1).

27. Accordingly, Plaintiff is entitled to complete compensation for hours worked.

28. Additionally, Plaintiff is entitled to an amount equal to her minimum wage, unpaid overtime wages, liquidated damages, as well as reasonable attorneys' fees and costs of this action as provided by 29 U.S.C. § 216(b).

29. Defendants have acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wages described pursuant to 29 U.S.C. § 216(b).

30. Alternatively, should the Court find Defendants acted in good faith and that they had reasonable grounds to believe that their actions and omissions were not a violation of the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

31. Plaintiff is entitled to have the limitations period extended to three years because Defendant's actions were willful. 29 U.S.C. § 216(b).

32. WHEREFORE, Plaintiff demands judgment against Defendants plus costs, reasonable attorney's fees, and such other remedies as the court deems just and appropriate.

## COUNT II
## BREACH OF ORAL CONTRACT

33. Plaintiff incorporates all allegations contained in the preceding paragraphs.

34. Plaintiff entered into an oral contract for wages with Defendants.

35. Plaintiff worked for Defendants and did not receive the compensation promised. Defendants, therefore, wrongfully deprived Plaintiff of wages that were due and owing and to which Plaintiff is lawfully entitled under an oral contract for payment of wages.

36. Plaintiff has been damaged as a result of Defendants' failure to pay the agreed upon wages.

37. Pursuant to Section 38.001 (8) of the Texas Civil Practice and Remedies Code, Plaintiff is entitled to reasonable attorneys' fees.

WHEREFORE Plaintiff requests judgment in her favor against Defendants for the unpaid wages that are due and owing, prejudgment interest, reasonable attorneys' fees, and any and all further relief that this Court deems just and appropriate.

**PRAYER**

WHEREFORE, Plaintiff respectfully requests judgment be entered in her favor awarding her:

A. overtime compensation for all unpaid hours worked in excess of forty hours at the rate of one and one half times her regular rate;

B. an equal amount as liquidated damages as allowed under the FLSA;

C. damages accrued up to three years;

D. reasonable attorneys' fees, costs, and expenses of this action as provided by the FLSA;

E. pre-judgment and post judgment interest at the highest rates allowed by law; and

F. such other relief as to which Plaintiff may be entitled.

Respectfully submitted,

**GOLDBERG & LOREN, PA**
By: /s/ James M. Loren, Esq.
**James M. Loren**
**Attorney-in-charge**
FL Bar No.: 55409
George Z. Goldberg
Federal Bar No. 2659719
Rachael Rustmann
TX Bar No. 24073653
3102 Maple Ave, Suite 450
Dallas, Texas 75201
Main Phone:   800-719-1617
Facsimile:     (954) 585-4886
jloren@lorenlaw.com
rrustmann@goldbergloren.com
ggoldberg@goldbergdohan.com
*Attorneys for Plaintiff*